IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELIRIS VASQUEZ<br>Plaintiff, | CASE NO. 18 -2128 |
| v. | COMPLAINT AND JURY DEMAND |
| ROY LUBIT, MD and John and Jane<br>Does 1 -4, being as yet unknown actors.<br><br>Defendants. | |

This cause of action arises from the gross malpractice of Defendant, Psychiatrist, who had been retained and identified in a sexual harassment case as plaintiff's expert. Plaintiff was a victim of rape, unwanted and unethical sexual contact which rose to the level of torture by Reinaldo Vasquez, the Clinical Director of Outpatient treatment at CURA, an addiction recovery facility in New Jersey while she was a patient there and while she was an employee.  Plaintiff brought suit in Superior Court of New Jersey and Defendant Lubit was retained as the liability and damages expert and his failure to provide a report resulted in the dismissal of the claims and the failure of the court to understand the case.  Defendant Lubit departed from the accepted standard of care in that he failed to produce a signed report in a timely manner resulting in his exclusion from the case and resulting in the summary dismissal of the case.

**I. JURISDICTION AND VENUE**

1. Plaintiff Vasquez is a resident of Newark, NJ, and Defendant Lubit is a resident of New York City (Manhattan).

2. Therefore, this court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and an amount in controversy greater than $75,000.

## II. THE PARTIES

3. Plaintiff is a female resident of the State of New Jersey over the age of forty

3. Defendant Roy Lubit. 156 West End Avenue, Suite 3K, NY, NY 10023, is a psychiatrist and was retained as an expert in the sexual abuse and sexual harassment case of plaintiff against the clinical director, Reinaldo Velez, and the entity, CURA,.

## III. APPLICABLE LAW AND POLICY

4. This is a malpractice action brought under common law negligence in which it is alleged that Defendant Lubit either intentionally or recklessly or negligently failed to perform his duty as an expert witness in the underlying case resulting in the dismissal of that case.

5. The underlying claims of plaintiff are based, *inter alia*, on the New Jersey Law against Discrimination, N.J.A.C 13:34C, Title VII of the Civil Rights Act of 1964 (relevant New York City law either follows or exceeds these laws, e.g. New York State Human Rights Law N.Y. Executive Law §§291, 296-a (McKinney 2005).

..

## IV. FACTS COMMON TO ALL COUNTS

6. Plaintiff was a victim of rape, unwanted and unethical sexual contact which rose to the level of torture by Reinaldo Vasquez, the Clinical Director of Outpatient treatment at CURA, an addiction recovery facility in New Jersey.

7. Plaintiff filed a sexual harassment and malpractice case against CURA and Defendant Vasquez.

8. A summary of the facts of the underlying case was circulated to various potential experts and Defendant LUBIT responded immediately declaring that he wanted to be Plaintiff's expert because "he could not stand practitioners who violated the rules of the profession" or words to that effect.

9. Defendant LUBIT had unparalleled educational and professional credentials and, therefore, Plaintiff retained Defendant ROY LUBIT, a psychiatrist, as her expert for both liability and damages in this case, signed a retainer, and paid an initial retainer.

10. Defendant ROY LUBIT became increasingly unresponsive as the case progressed.

11. Therefore, it became urgent for the report to be submitted and only after demanding that Defendant LUBIT proceed was an examination of PLAINTIFF completed.

12.. Defendant LUBIT then began making excuses for not producing a report- such as that Plaintiff suffered from mental illnesses and substance abuse (even though this was obvious from the nature of the claim and had been disclosed in the initial factual summary and did not undermine liability but increased it).

13. Moreover, the reservations voiced by Defendant LUBIT were irrelevant and should not have undermined his confidence in any way.

14. At about this time, Defendant LUBIT also demanded additional payment.

15. It was only after verbally haranguing Defendant LUBIT that a report was produced which was poorly written and unconvincing and bizarrely failed to satisfy the standard of care or expertise of a forensic psychiatrist in this situation.

**16.** Defendant LUBIT failed entirely to address entity liability.

17. . Counsel for Plaintiff tried again to get DEFENDANT LUBIT to perform pursuant to the contract and consistent with the relevant professional standards and norms but Defendant LUBIT refused and, again bizarrely, accused counsel of improperly telling him how to do his job.

18. Moreover, the LUBIT report was unsigned and not on letter head in violation of the rules of court and normal practice.

19. Defendant LUBIT was asked multiple times to send a signed report, either through the regular mail or as a PDF file and to put it on letterhead.

20. Nonetheless, as the date for submission of the unsigned LUBIT report arrived the unsigned report without letterhead was produced as plaintiff under NJ rules would have been barred at trial from producing an expert.

21. Shortly after service of the unsigned LUBIT report, defendants in that action moved to bar the LUBIT report because it was unsigned.

22. At the same time, Defendants moved for summary judgement based, inter alia, on the fact that there was no liability.

23. Because Dr. Lubit was both unresponsive and negligent, PLAINTIFF Cross Moved to be allowed to obtain a new liability and damages expert and also opposed the Motion for Summary Judgment.

24. The court granted the Motion for Summary Judgment in its entirety against the entity CURA and left in only two Common Law counts against the individual Reinaldo Vasquez.

25. The court, however, granted the Motion to allow Plaintiff to obtain a new expert but only provided a short window for this.

26. Plaintiff quickly obtained a comprehensive and accessible report from Barbara Wallace, PhD, a psychologist on the faculty of Columbia University which addressed the liability of the entity CURA and of the individual Velez and also addressed the damages.

27. Simultaneously, Plaintiff moved for Reconsideration of the Summary Judgment Motions and submitted the new expert report of Dr. Wallace.

28.. The court, however, refused to consider the new expert report and found that it could not rely on the inadequate LUBIT report because it was unsigned and denied the Motion for Reconsideration.

29. Moreover, plaintiff had also moved to further articulate the malpractice claim in the original complaint and the failure of the LUBIT report to clearly articulate this caused this to be denied.

30. Plaintiff settled the common law claims against Defendant Velez in the underlying action for a modest sum and appealed the dismissal of the claims against the entity CURA to the Appellate Division.

31. The Appellate Division denied the appeal and the NJ Supreme Court denied certiorari in August 2016, thus ending the direct case. so that the case was ended.

## FIRST CAUSE OF ACTION
### (Malpractice)

32. Defendant LUBIT's analysis of the case and his opinion as memorialized in his report was inadequate and departed from the relevant standards of care for forensic psychiatry constituting actionable malpractice.

33. Moreover, the inadequate and flawed report was not on letterhead and was never signed despite repeated requests.

34. As a direct and proximate result of Defendant LUBIT's malpractice the case against the health care entity, CURA Inc., was dismissed.

### SECOND CAUSE OF ACTION
### (Contract)

35. Plaintiff repeats and re-alleges all of the factual averments in paragraphs 1 through 32 above as if set forth in full herein.

36. Plaintiff paid Defendant Lubit an initial retainer of $2500 and a second payment of $2500 to perform as an expert in the prior matter.

37. Defendant Lubit failed to perform because the report was not done in conformity to the appropriate standards of forensic psychiatry, because it was never provided on letter head and because it was not signed.

38. As a result, the report was barred and the case in its entirety against CURA and against all defendants except Velez was dismissed.

39. In addition, all civil rights claims against Velez were dismissed.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against Defendants as follows:

A.  Compensatory damages for Plaintiff' lost wages as well as for her psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her un-reimbursed out of pocket expenses incurred in response to these circumstances;

B.  Compensatory damages for Plaintiff's illness, including the pain and suffering of the condition and the limits and loss of enjoyment of life and costs of treatment of same.

C.  Punitive damages;

E.  Costs; and

F.  Reasonable attorney fees.

Respectfully submitted,

Date: Jersey City, NJ
March 9, 2018

_____
Daniel W. Sexton, Esq. (DS1789)
Counsel for Plaintiff
329 Pacific Avenue
Jersey City, NJ
(201) 406 - 9960
DanielSextonEsq@gmail.com

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands trial by jury.

Date:   Jersey City, New Jersey

March 9, 2018

*[signature]*

Daniel W. Sexton, Esq. (DS1789)
Counsel for Plaintiff
329 Pacific Avenue
Jersey City, NJ
(201) 406 - 9960
DanielSextonEsq@gmail.com